IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FIRST SERVICE BANK**                                                                                          **PLAINTIFF**

v.                                                                               CIVIL ACTION NO. 1:24-cv-20-TBM-RPM

**WORLD AIRCRAFT, INC.** *and*
**THOMAS SWAREK**                                                                                          **DEFENDANTS**

## ORDER

First Service Bank filed suit against World Aircraft, Inc. and Thomas Swarek, alleging intentional breach of contract arising under Arkansas state law.[1] In their Motion for Summary Judgment [38], First Service Bank specifically argues that Swarek is in default on a guaranty for a debt that currently totals $54,928,751.83. Because Swarek admits that he is in default on his payments to First Service Bank, the Motion for Summary Judgment [38] is granted. In the alternative, the Court finds that Swarek's Motion to Set Aside Default [17] is denied and First Service Bank's Motion for Default Judgment [18] is granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a $50,000,000.00 Term Loan Credit Agreement that First Service Bank entered into on September 17, 2020, and to which Swarek was a guarantor. Swarek's payment and performance obligations were set forth in the Term Note, Guaranty Agreement, and the October 12, 2020, First Amendment to the Term Loan Agreement. In 2023, several principal and interest payments for the Term Loan Credit Agreement became delinquent and past due. On November 22, 2023, First Service Bank notified Swarek that the total past amount owed under the

---

[1] First Service Bank voluntarily withdrew its request for a temporary restraining order or preliminary injunction. [12]. And after suit was filed, a Suggestion of Bankruptcy [28] was filed on behalf of World Aircraft, Inc., and the Court entered an Order [33] staying the case as to World Aircraft, Inc. pursuant to 11 U.S.C. § 362(a).

Term Loan Credit Agreement was $53,275,468.59, and that full payment was due immediately pursuant to the acceleration clause within the Guaranty Agreement. [1-5], pg. 1. After no payment was made, First Service Bank filed this action on January 19, 2024, seeking judgment against Swarek for failure of his payment obligations. Swarek failed to file an answer or responsive pleading, and the Clerk's Entry of Default [16] against Swarek was entered on February 20, 2024. On February 21, 2024, Swarek filed a Motion to Set Aside Default [17]. That same day, First Service Bank filed a Motion for Default Judgment [18]. Subsequent Motions to Strike [22], [35] were filed by First Service Bank, as well as Swarek's Motion for Extension of Time [27] to file his answer. A hearing on these motions was held on April 4, 2024, where the Court took them under advisement. Following the hearing, First Service Bank filed the instant Motion for Summary Judgment [38]. The Court will first consider First Service Bank's Motion for Summary Judgment and will then address Swarek's Motion to Set Aside Default and First Service Bank's Motion for Default Judgment.

## II. STANDARD OF REVIEW

Summary judgment is warranted when the evidence reveals no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.[2] "When ruling on a motion for summary judgment, 'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the [nonmoving party].'" *Ragas*, 136 F.3d at 458 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

### III. DISCUSSION AND ANALYSIS

"Under Arkansas law, a party asserting a breach of contract has the burden of proving '(1) an enforceable contract exists, (2) the defendant has a duty under the contract, (3) the defendant violated that duty, and (4) the plaintiff was damaged.'" *Trapp Real Estate Florida, LLC v. Amguard Insurance Company*, No. 4:23-cv-616-BRW, 2024 WL 2109771, at *2 (E.D. Ark. Apr. 1, 2024) (quoting *Smith v. S. Farm Bureau Cas. Ins. Co.*, 18 F.4th 976, 980 (8th Cir. 2021)). Here, the parties do not dispute that the Term Loan Credit Agreement is an enforceable contract. Nor does Swarek dispute that he had a duty to pay First Service Bank pursuant to this contract and that he violated that duty by his failure to pay.[3] [40], pg. 1. Swarek also does not dispute that First Service Bank was damaged by this failure to pay.

Instead, Swarek argues that he does not owe First Service Bank the full $50,000,000.00 in principal plus accrued interest. In support of his request that this Court deny First Service Bank's

---

[2] *See also Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024) ("[A] party opposing a properly-supported summary judgment motion 'may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial.'") (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[3] At the hearing on April 4, 2021, the Court asked whether Swarek was late on payments to First Service Bank to which Swarek answered, "not intentionally, but yes, we are."

Motion for Summary Judgment, Swarek makes two arguments: (1) that First Service Bank owns 5% of the loan and may therefore only collect $2,500,000.00 of the $50,000,000.00 and (2) the Main Street Lending Program Special Purpose Vehicle MS Facilities 2020 LLC ("Main Street Lending Program") owns 95% of the loan and is therefore a necessary party to this action. Although Swarek provides no evidence or legal support in his Response in Opposition [40],[4] for purposes of completeness, the Court will address each argument in turn.

To begin, Swarek is correct that First Service Bank owns 5% of the loan. But in addition to owning 5% of the loan, First Service Bank is also the servicing agent for Main Street Lending Program. [42-1], pg. 13. And pursuant to the Master Participation Agreement between First Service Bank and Main Street Lending Program, First Service Bank agreed to "hold title to the Loans for the benefit of [Main Street Lending Program] to the extent of the Participation." [42-1], pg. 13. In other words, the record reflects that First Service Bank is contractually authorized to bring suit against Swarek for the full amount of the loan plus accrued interest. *Id*. Because loan servicers have standing to sue for the entirety of the debt being serviced, Swarek's first argument is without merit. *Neil v. Wells Fargo Bank*, N.A., 686 F. App'x 213 (4th Cir. 2017); *CWCapital Asset Mgmt., LLC v. Chicago Props., LLC*, 610 F.3d 497, 500–01 (7th Cir. 2010).

Next, Swarek asserts that because Main Street Lending Program owns 95% of the loan, they are a necessary party to this action. Under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure, joinder of a party is required if "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). But as discussed above, the Master

---

[4] "Although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (citation omitted).

4

Participation Agreement authorizes First Service Bank to bring suit against Swarek for the total loan amount, so this Court can "accord complete relief among existing parties." *See Southpoint Bank v. Origin Bank*, No. 3:21-cv-381-TSL, 2021 WL 6804236, at *4 (S.D. Miss. Aug. 11, 2021) (finding the claims at issue were not affected by the absence of a third party and that the third party was therefore not necessary or required under Rule 19(a)(1)). Accordingly, Main Street Lending Program is not a necessary party. Because the threshold requirements of Rule 19(a) are not satisfied, "no inquiry under Rule 19(b) [is] necessary." *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990). Therefore, Swarek's second argument is also without merit.

For these reasons, First Service Bank's Motion for Summary Judgment [38] is granted.

## IV. DEFAULT JUDGMENT

In the alternative, the Court finds that Swarek's Motion to Set Aside Default [17] is denied and First Service Bank's Motion for Default Judgment [18] is granted. "Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for 'good cause.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (citation and internal quotations omitted).

Here, the Court finds that Swarek's default was not willful because Swarek presented evidence that he was in a serious car accident two days before his answer was due. *See Ocwen Loan Servicing, LLC v. Heiberg*, No. 4:17-cv-690-ALM, 2019 WL 1261365, at *4 (E.D. Tex. Feb. 14, 2019) (finding defendant's default was not willful where she presented evidence of ongoing health

5

concerns arising from a car accident); *Wilson v. Kemper Corporate Services, Inc.*, 635 F. Supp. 3d 506, 519 (S.D. Miss. Oct. 13, 2022) (finding nothing in the record indicates the defendant's intent to "frustrate the course of litigation."). Additionally, despite First Service Bank's argument, continuing to litigate this action does not rise to the level of prejudice that is contemplated by this factor.

But "[e]ven in in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy*, 227 F.3d at 293. For the reasons discussed previously in this Order, Swarek does not present a meritorious defense, as he admits the existence of a contract and that he owes First Service Bank the money pursuant to the contract. Because there is no "possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default," entry of a default judgment against Swarek is appropriate. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2697 (1998).

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that First Service Bank's Motion for Summary Judgment [38] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Thomas Swarek's Motion to Set Aside Default [17] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that First Service Bank's Motion for Default Judgment [18] as to Thomas Swarek is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that First Service Bank's Motion to Strike [22] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Thomas Swarek's Motion for Extension of Time to File Answer [27] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that First Service Bank's Motion to Strike [35] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that this CASE is CLOSED.

This the 12th day of July, 2024.

                                                   TAYLOR B. McNEEL
                                                   UNITED STATES DISTRICT JUDGE