IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FIRST SERVICE BANK**                                                                                            **PLAINTIFF**

v.                                                                                            CIVIL ACTION NO. 1:24-cv-20-TBM-RPM

**WORLD AIRCRAFT, INC.** *and*
**THOMAS SWAREK**                                                                                            **DEFENDANTS**

## ORDER

Following the Court's Order [45] granting summary judgment in favor of First Service Bank and entering a default judgment against Thomas Swarek, First Service Bank timely moved for attorney fees and nontaxable expenses under Rule 54(d)(2) of the Federal Rules of Civil Procedure seeking a substantial sum of $3,459,833.07. After receiving a reimbursement of $623,8212.28 from the Final DIP Order in Bankruptcy Court, First Service Bank amended its request and now seeks $2,549,817.96 in attorney fees and nontaxable expenses. According to First Service Bank, these fees and expenses arise from six interrelated proceedings: the "Guaranty Suit" (the instant action), "El Dorado Chapter 11" bankruptcy proceeding, "Hugoton Chapter 11" bankruptcy proceeding, "World Aircraft Chapter 11" bankruptcy proceeding, "Bluestone Chapter 11" bankruptcy proceeding, and the "Escambia Chapter 11" bankruptcy proceeding. [50], pps. 2-3. First Service Bank asserts that because "Swarek refused to honor his guaranty when [First Service Bank] called upon him to do so," First Service Bank was obligated to "file this Action, [and] in order to seek recovery from Swarek, it also forced [First Service Bank] into the five interrelated bankruptcy proceedings—which would not have happened had Swarek honored his contract." [50], p. 13.

In support of its request, First Service Bank attaches 343 pages of billing records and affidavits. Upon review, a large portion, if not the vast majority, of the fees are related to the five

bankruptcy proceedings. But First Service Bank has not cited to any cases where a bank has sought to recover attorney fees and expenses in a single breach of contract action rather than in each individual bankruptcy or action from which the fees and expenses were incurred—and this Court has found none.

Instead, First Service Bank argues that it is entitled to seek all attorney fees and expenses related to Swarek's "refus[al] to honor his guaranty" in this Court, even if they were not incurred in this action, pursuant to the contractual language within Swarek's guaranty, the Term Loan Credit Agreement, and the Security Agreement. [50], p. 2. According to First Service Bank, Arkansas law governs the contract between the parties and "[t]he Arkansas Supreme Court has made clear that a court must enforce any contract-based prevailing party attorneys' fee and expenses provision like the ones in Swarek's loan and guaranty-related documents." [50], p. 8. The Arkansas Supreme Court, however, has only found such contract-based attorney fee agreements to be enforceable "where the parties entered into a written contract that *specifically* provides for the payment of attorney's fees incurred in the enforcement of the contract." *Griffin v. First National Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994) (emphasis added). And unfortunately for First Service Bank, the terms of the instant contract do not "specifically provide" for the payment of attorney fees to be recovered in *one action* to enforce a contract rather than in the separate bankruptcies or actions in which the fees were incurred.

To be sure, in executing the guaranty, Swarek agreed to "the prompt payment and performance of the Guaranteed Obligation when due . . . and at all times thereafter." [50], p. 6. The "Guaranteed Obligation" included "all reasonable attorneys' fees and expenses with respect to the foregoing, and including any obligations in respect of interest, fees or expenses that accrue after the

filing of any proceeding under any Debtor Relief Law, regardless of whether allowed or allowable in whole or in part as a claim in such proceeding." [50], p. 6. First Service Bank argues that this provision "explicitly covers bankruptcy proceedings resulting from Swarek's breach" because the Guaranteed Obligation included proceedings "under any Debtor Relief Law." [50], p. 6. While First Service Bank may be able to recover attorney fees and expenses arising out of the five separate bankruptcy proceedings, the provision does not support First Service Bank's argument that such fees may be recovered in *this* action.

First Service Bank also relies on the Term Loan Credit Agreement and the Security Agreement in support of the position that the contractual language permits it to recover all attorney fees and expenses in one action rather than separate actions. But like the Guaranteed Obligation provision, neither Term Loan Credit Agreement nor the Security Agreement support First Service Bank's argument. Indeed, the Term Loan Credit Agreement merely provides that Swarek shall pay:

> All out-of-pocket costs and expenses of Lender in connection with . . . this Agreement and the other Loan Documents including, without limitation, the reasonable fees and out of pocket expenses of counsel for Lender with respect to advising Lender as to its rights and responsibilities under this Agreement, and . . . counsel fees and expenses of Lender [] in connection with the enforcement . . . whether through negotiations, legal proceedings, or otherwise[,] of this Agreement and the other Loan Documents following an Event of Default.

[50], p. 6. And according to the Security Agreement, Swarek is obligated to: "forever indemnify, protect, defend and hold harmless" First Service Bank from "any and all . . . suits, costs, expenses, or disbursements . . . (including the fees, charges and disbursements of any counsel) that may be . . . incurred by, or . . . in any way relating to or arising out of this agreement." [50], p. 7. In light of the contractual language, the Court finds that while First Service Bank contracted for the recovery of attorney fees and expenses in certain circumstances, it did not contract for such recovery in a

singular action opposed to the individual actions in which the fees were actually accrued—and where a court in each bankruptcy can determine the applicability of the contract language to the particular bankruptcy at issue.

Even if First Service Bank had provided this Court with authority that awarding $2,549,817.96 in attorney fees and nontaxable expenses accrued in five separate bankruptcy proceedings was permissible in this case, the bankruptcy court would nevertheless be better equipped to analyze First Service Bank's request for fees and expenses arising out of the five bankruptcy actions. *In re Akatugba*, No. 21-cv-01015-JST, 2022 WL 20275202, at *2 (N.D. Cal. Nov. 15, 2022) (finding the reasonableness of the fees accrued in the bankruptcy proceedings "should be decided by the bankruptcy court, which is more familiar than this Court is with the market for legal services within the bankruptcy specialty.") (collecting cases). Indeed, it is this Court's understanding that such fee requests are traditionally brought before the bankruptcy court, and then appealed to the district court if issues arise. *See In re Peabody Energy Corp.*, No. No. 16-42529-399, 2019 WL 1367769, at * 4 (E.D. Mo. Mar. 26, 2019).

First Service Bank can certainly attempt to pursue separate requests for attorney fees in the proper bankruptcy proceedings. But, as for this case, First Service Bank is instructed to file a new motion for attorney fees in this action, ensuring the fees requested relate only to the fees and nontaxable expenses incurred from the instant action.

IT IS THEREFORE ORDERED AND ADJUDGED that First Service Bank's Motion to Reopen Case [48] is DENIED, as this Court need not reopen the case to rule on First Service Bank's Motion for Attorney Fees.[1]

IT IS FURTHER ORDERED AND ADJUDGED that First Service Bank's Motion for Attorney Fees [49] is DENIED without prejudice to refiling.

IT IS FURTHER ORDERED AND ADJUDGED that First Service Bank's Amended Motion for Attorney Fees [62] is DENIED without prejudice to refiling.

This, the 5th day of March, 2025.

                        TAYLOR B. McNEEL
                        UNITED STATES DISTRICT JUDGE

---

[1] In its Final Judgment Against Thomas Swarek and Order Administratively Closing the Case [47], the Court ordered that this case be administratively closed "pursuant to the Order [33] staying this matter as to World Aircraft, Inc., pending World Aircraft, Inc.'s bankruptcy proceeding." [47]. The Court also advised the parties that "[n]othing contained in this Order shall be considered a dismissal or disposition of this matter against World Aircraft, Inc. [and] [t]he parties may seek, by motion, to reopen this case for further proceedings." [47]. Thus, the parties need only to seek to reopen this case for further proceedings upon the resolution of World Aircraft Inc.'s bankruptcy proceeding. The Court recognizes that First Service Bank's Motion was made out of an abundance of caution, but since there is no indication on the docket that World Aircraft, Inc.'s bankruptcy proceeding has been resolved, or that the Order [33] staying this matter as to World Aircraft, Inc. should be lifted, it is unnecessary to reopen the case at this time.