IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FIRST SERVICE BANK**                                                                 **PLAINTIFF**

v.                                                                 CIVIL ACTION NO. 1:24-cv-20-TBM-RPM

**WORLD AIRCRAFT, INC.** *and*
**THOMAS SWAREK**                                                                 **DEFENDANTS**

### ORDER

This action arises out of a $50,000,000.00 Term Loan Credit Agreement that First Service Bank entered into on September 17, 2020, and to which Swarek was a guarantor. In 2023, several principal and interest payments for the Term Loan Credit Agreement became delinquent and past due. On November 22, 2023, First Service Bank notified Swarek that the total past amount owed under the Term Loan Credit Agreement was $53,275,468.59, and that full payment was due immediately pursuant to the acceleration clause within the Guaranty Agreement. [1-5], pg. 1. After no payment was made, First Service Bank filed this action on January 19, 2024, seeking judgment against Swarek for failure of his payment obligations. The Court granted summary judgment in favor of First Service Bank and entered a default judgment against Thomas Swarek on July 12, 2024.

Despite Swarek's prior admissions that the Term Loan Agreement is an enforceable contract, that he had a duty to pay First Service Bank pursuant to this contract, and that he is in default on his payments to First Service Bank, Swarek has now filed a Motion [52] seeking reconsideration of the Court's Order [45] granting summary judgment and entering a default judgment against him. According to Swarek, new evidence has been discovered that proves he was entitled to 18 months of forbearance and restructuring the principal of the loan. As a result, Swarek

asks the Court to set aside its Order [45] and reopen this case to consider the newly discovered evidence. For the reasons discussed below, Swarek's Motion [52] is denied.

## I. STANDARD OF REVIEW

Swarek asks the Court to set aside its Order [45] under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b), however, provides relief from a final judgment resolving all claims against all parties. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993). The Court's Order [45] granting First Service Bank's Motion [38] for summary judgment, however, resolved only First Service Bank's claims against Swarek. *See* Rutter Group Practice Guide: Federal Civil Procedure Before Trial, National Edition, § 14:370 ("In multi-party and multi-claim cases, the court may enter a final judgment against some but not all parties if it certifies under Rule 54(b) that 'there is no just reason for delay.'"); *Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) ("Entry of a partial final judgment is proper under Rule 54(b)"). To be sure, in its Final Judgment Against Thomas Swarek [47], the Court also administratively closed the case as to World Aircraft, Inc., in light of its pending bankruptcy proceeding, and specifically held that "[n]othing contained in this Order shall be considered a dismissal or disposition of this matter against World Aircraft, Inc." [47].

In sum, because First Service Bank sought summary judgment on all of its claims against Swarek—but on none of its claims against World Aircraft, Inc.—First Service Bank's Motion [38] sought only partial summary judgment on the claims asserted in its Complaint. *See e.g., Miller v. Elexco Land Servs., Inc.*, No. 5:09-cv-38-GTS, 2011 WL 4499281, at *3 (N.D. N.Y. Sep. 27, 2011) (granting motion for partial summary judgment on claims asserted against one defendant in a multi-defendant action). As a result, the Court's Order [45] granting First Service Bank's Motion [38]

2

for summary judgment was interlocutory. *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993) (stating that "a partial summary judgment is interlocutory in nature") (citation omitted). The Court must therefore analyze Swarek's Motion under Rule 54(b) rather than Rule 60(b). *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) ("Because the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) . . .").

"District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)." *Wiley v. Dept. of Energy*, No. 21-cv-933-DPC, 2021 WL 2291135, at *1 (E.D. La. Jun. 4, 2021) (citations omitted). "Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). As a result, district courts "frequently apply the same standard to" "motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e)." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion 'calls into question the correctness of a judgment.' This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

3

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citations omitted). In other words, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id*. Additionally, "a trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law." S*toffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727-28 (5th Cir. 2012).

## II. DISCUSSION AND ANALYSIS

In his Motion, Swarek asks this Court to consider "newly discovered evidence" that proves he was entitled to 18 months of forbearance and a restructuring of the principal on the Term Loan Agreement. [52], p. 2. The Fifth Circuit has held that "[a] motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015). Since courts may address the factors in any order, this Court begins its analysis with the second factor. *See Ferraro*, 796 F.3d at 535 (addressing factor two first); *see also Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010) (same).

4

In support of his Motion, Swarek attached various exhibits totaling 229 pages—most of which appear to be print outs from various websites, including: www.consumerfinance.gov; www.federalreserve.gov; www.federalregister.gov; gao.gov; as well as screenshots from news articles discussing COVID-19. According to Swarek, these documents were produced by "the United States government . . . on behalf and in benefit of all borrowers of federal back covid loans during a national emergency." [52], p. 2. He further asserts that the documents were "newly discovered by defendant." [52], p. 2. But Swarek does not argue, much less prove, that these exhibits were unavailable to him at the summary judgment stage of these proceedings. And it is well settled that a motion for reconsideration "is not the proper vehicle for rehashing evidence . . . that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479; *see also Ferraro*, 796 F.3d at 535. Thus, Swarek fails to carry his burden that reconsideration is warranted.

To be sure, Swarek has also failed to demonstrate facts that "would probably change the outcome." *Ferraro*, 796 F.3d at 535. In his Motion, Swarek argues that MS Facilities "has promoted their Main Street loans as not forgivable but extendable (forbearance) and the interest as . . . being forgivable." [52], p. 2. Swarek further asserts that "the loan guidance documents plus bank loan documents comprise a contract . . . that includes options for loan extension (forbearance) as well as options for forgiveness of interest." [52], p. 2. But Swarek provides no support for his claims that he was entitled to 18 months of forbearance and restructuring of the principal on the Term Loan Agreement. Instead, Swarek relies on highlighted paragraphs and handwritten notes in the margins of the 229 pages of exhibits to make his argument. It is not the duty of the court, however, to sift through the record in search of evidence to support a party's argument. *Malacara v. Garber*, 353

F.3d. 393, 405 (5th Cir. 2003). Because Swarek offers mere conclusory arguments for why reconsideration is warranted, Swarek fails to meet his burden to show that consideration of these exhibits "would probably change the outcome" of this action.[1] For these reasons, the Court exercises its broad discretion and denies Swarek's Motion [52].

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Thomas Swarek's Motion [52] is DENIED.

This, the 5th day of March, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] Even if this Court was willing to reconsider its prior Order [45] for any reason at all, Swarek has provided no reason—much less a sufficient reason—for which this Court should reconsider its decision. *Stoffels ex rel. SBC Tel. Concession Plan*, 677 F.3d at 727-28.