IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FIRST SERVICE BANK**                                                                          **PLAINTIFF**

v.                                                                        CIVIL ACTION NO. 1:24-cv-20-TBM-RPM

**WORLD AIRCRAFT, INC.** *and*
**THOMAS SWAREK**                                                                             **DEFENDANTS**

**ORDER**

First Service Bank filed an Amended Motion for Attorney Fees and Nontaxable Expenses [65] and "prays this Court will waive Miss. Unif. Civ. L. R. 7's requirement of a memorandum of authorities with this Motion, given that FSB's prior [50] memorandum on these issues is already in the record." [65], p. 1. The Court declines to do so, and First Service Bank's Amended Motion for Attorney Fees and Nontaxable Expenses [65] is denied without prejudice to refiling.

The Fifth Circuit has held that "[t]he party seeking reimbursement of attorneys' fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). First Service Bank seeks $298,030.37 in attorney fees incurred from this action, but upon review of the Declaration [65-1] and the attached invoice summaries and invoice details, the Court is unable to determine whether the fees requested are reasonable. Indeed, First Service Bank fails to discuss—much less analyze— the "lodestar." *See Louisiana Power & Light Co.*, 50 F.3d at 324 (analyzing the lodestar in calculating the reasonableness of attorney fees); *Blackorby v. BNSF Railway Co.*, 60 F.4th 415, 420 (8th Cir. 2023) ("Determining an award of attorneys' fees often begins with the lodestar method."). Instead,

First Service Bank merely asserts that "it is entitled to an award of $298,030.37." [65], p. 2. This conclusory statement, and the heavily redacted billing records, fail to show how the nearly three-hundred thousand dollars in fees requested in this case are reasonable, where no discovery was exchanged, and which was only pending for six months before the Court granted First Service Bank's Motion for Summary Judgment and entered a Final Judgment [47] against Thomas Swarek.[1] *Louisiana Power & Light Co.*, 50 F.3d at 324 (explaining that "the documentation must be sufficient for the court to verify that the applicant has met its burden.").

As a result, First Service Bank is instructed to file an amended motion,[2] with a memorandum of law in support. In its memorandum, First Service Bank should provide a detailed analysis and calculation of the lodestar, such that this Court is able to determine whether the attorney fees requested are, in fact, reasonable. *See Jones v. Singing River Health System*, No. 1:15-cv-447-LG, 2016 WL 3248449, *5 (S.D. Miss. Jun. 10, 2016). First Service Bank is cautioned that this Court "may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." *Louisiana Power & Light Co.*, 50 F.3d at 324; *see also H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (reducing hours for vague entries such as "legal research," "trial preparation," and "met with client").

Additionally, this case is before the Court pursuant to diversity jurisdiction and the Fifth Circuit has explained that "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Bank of La. v. SunGard Availability Servs.,*

---

[1] First Service Bank filed its Complaint [1] on January 19, 2024, and the Final Judgment [47] against Swarek was entered on July 13, 2024.

[2] This Court has already instructed First Service Bank to file "a new motion for attorney fees in this action, ensuring the fees requested relate only to the fees and nontaxable expenses incurred from the instant action." [63], p. 4. This same instruction applies to First Service Bank's amended motion.

*L.P.*, 374 F. App'x 539, 542-43 (5th Cir. 2010) (citation omitted). First Service Bank, however, fails to identify any state law in support of its Motion. Based on the facts of this case, the Court assumes that Arkansas state law applies to First Service Bank's request for attorney fees. If First Service Bank agrees, then in its memorandum, First Service Bank is also instructed to specifically address the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC.*, No. 5:14-cv-5262, 2018 WL 1597976, *15 (W.D. Ark. Mar. 31, 2018) (citing *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229 (1990)); *Bank of La. v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542-43 (5th Cir. 2010) (explaining that state law governs the award of attorney fees in a diversity action). First Service Bank is also instructed to explain to this Court how it calculated its estimate of future attorney fees.

      In sum, based on the information provided, this Court cannot meet the "standard required of district courts" in determining the reasonableness of the fees requested. *Louisiana Power & Light Co.*, 50 F.3d at 325 ("The district court is not only required to determine whether the total hours claimed are reasonable, but also whether particular hours claimed were reasonably expended. . . . It is not the case that all claimed time is a fortiori reasonably expended if the total hours claimed by counsel appear to reflect sound legal judgment and resulted in satisfactory results.").

IT IS THEREFORE ORDERED AND ADJUDGED that First Service Bank's Amended Motion for Attorney Fees and Nontaxable Expenses [65] is DENIED without prejudice to refiling.

This, the 16th day of September, 2025.

                                                                   TAYLOR B. McNEEL
                                                                   UNITED STATES DISTRICT JUDGE