IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FIRST SERVICE BANK                                          PLAINTIFF

v.                                        CIVIL ACTION NO. 1:24-cv-20-TBM-RPM

THOMAS SWAREK                                              DEFENDANTS

<u>ORDER</u>

Thomas Swarek's Motion for Relief from Judgment [79] is yet another example of his recent pattern of frivolous filings. Not only is this Swarek's second motion for reconsideration in this action, but he has also filed emergency motions to stay the sale of farmland in two other actions—one of which was filed in an action where Swarek was not even a party.[1] Because Swarek does not meet his burden under Rule 60(b) or Rule 60(d) of the Federal Rules of Civil Procedure, his Motion for Relief from Judgment [79] is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action arose out of a $50,000,000.00 Term Loan Credit Agreement that First Service Bank entered into on September 17, 2020, and to which Swarek was a guarantor. After payments for the Term Loan Credit Agreement became delinquent, First Service Bank filed this action seeking judgment against Thomas Swarek for failure of his payment obligations. The Court granted summary judgment in favor of First Service Bank and entered a default judgment against Thomas Swarek on July 12, 2024. Although Swarek admitted that the Term Loan Agreement was enforceable against him, that he had a duty to pay First Service Bank pursuant to this contract, and that he was in default on his payments to First Service Bank, Swarek nevertheless filed a Motion

---

[1] *See First Service Bank v. World AG Investment Inc.*, 1:25-cv-344-TBM-RPM (S.D. Miss. May 1, 2026); *First Service Bank v. Swarek et al*, 1:24-cv-262-TBM-RPM (S.D. Miss. Apr. 13, 2026).

[52] seeking reconsideration of the Court's Order [45] granting summary judgment and entering a default judgment against him. In that Motion, Swarek argued he discovered new evidence proving he was entitled to 18 months of forbearance and restructuring the principal of the loan. Upon review, however, the Court disagreed and denied Swarek's Motion [52] seeking reconsideration. *See* [64]. The judgment against Swarek became final on October 3, 2025, after all claims against World Aircraft, Inc. were dismissed with prejudice. *See* [69]. Now, Swarek has filed a Motion for Relief from Judgment [79] under Rule 60(b) and Rule 60(d) of the Federal Rules of Civil Procedure.

## II. DISCUSSION AND ANALYSIS

Motions for reconsideration "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Adger v. TA Operating, L.L.C*, No. 24-30530, 2025 WL 1276406, at \*6 (5th Cir. May 2, 2025) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). Swarek seeks relief from the Court's Final Judgment under Rule 60(b) and Rule 60(d)(3), which the Court will address in turn.

### A. Rule 60(b)

Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). A court can also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The burden of establishing at least one of the Rule 60(b) requirements is on Swarek as the movant. *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, \*1 (N.D. Tex. May 1, 2013). This Court enjoys "considerable discretion when determining whether the mover has satisfied any of the

standards set forth under Rule 60(b)." *Kincaid v. Minact-Yates, LLC*, No. 305-cv-550-HTW, 2010 WL 383358 (S.D. Miss. Jan. 27, 2010) (citing *Lavespere v. Niagra Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

Here, Swarek's allegations implicate Rule 60(b)(3) and Rule 60(b)(4). And after carefully considering the Motion submitted and relevant case law, the Court concludes that Swarek has not satisfied the requirements for obtaining relief under Rule 60(b). *See, e.g.*, *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

### i.    Rule 60(b)(3)

Rule 60(b)(3) allows the Court to relieve a party from judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 317 (5th Cir. 2017). As the party asserting that the judgment was obtained through alleged fraud, misrepresentation, or misconduct, Swarek "first has the burden of proving fraud or other misconduct by clear and convincing evidence and must then show that it prevented him 'from fully and fairly presenting his case.'" *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 317 (5th Cir. 2017) (citation omitted). Swarek has not done so. Instead, Swarek has presented conclusory and unsubstantiated allegations which are insufficient to warrant relief under Rule 60(b)(3).

First, Swarek argues that First Service Bank "misrepresented the loan closing date by over a month" in representing "that the loan originated or 'closed' on September 17, 2020." [79], pps. 2-3. According to Swarek, First Service Bank's "Notice of Default and Acceleration (Exhibit D) reflects reliance on a September 17, 2020 'closing' narrative and related payment assumptions." *Id.*

3

at p. 4. Despite Swarek's argument, however, his own exhibits confirm that the loan did close on September 17, 2020. [79-5], p. 2. Swarek's argument therefore lacks merit.

Next, Swarek asserts that First Service Bank "concealed or failed to disclose the true funding structure" and "pursued judgment against [him] while the true 95% owner of the debt-MS Facilities LLC, a Delaware entity that had been administratively cancelled-was neither joined nor its status disclosed." [79], p. 2. But this Court previously addressed and rejected Swarek's argument that the "Main Street Lending Program Special Purpose Vehicle MS Facilities 2020 LLC" is a "necessary party to this action." [45], pps. 3-4. To be sure, this Court found that "Swarek is correct that First Service bank owns 5% of the loan. But in addition to owning 5% of the loan, First Service Bank is also the servicing agent for Main Street Lending Program." *Id.* at p. 4. The Court also found that "First Service Bank is contractually authorized to bring suit against Swarek for the full amount of the loan plus accrued interest" and that because "loan servicers have standing to sue for the entirety of the debt being serviced, Swarek's first argument is without merit." *Id.* pps. 4-5. In his Motion, Swarek admits that "[t]hese issues were raised" and previously addressed by this Court. [79], p. 17. Because a motion for reconsideration "is not the proper vehicle for rehashing evidence," Swarek's request for relief on this ground must be denied. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Swarek further claims that the assertions in Jamie Cook's affidavit "were based on hearsay, speculation, or lacked foundation." [79], p. 6. And "[a]though not the sole basis for summary judgment," Swarek asserts that "the declaration materially influenced enforcement actions and the procedural posture of the case." *Id.* But Swarek does not provide any specifics as to how Jamie Cook's affidavit "undermine[d] the integrity of the proceedings"—and it is not this Court's duty

to sift through the record in search of evidence to support his argument. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). To be sure, however, First Service Bank withdrew its Motion for Temporary Restraining Order [2] in which it relied on Jamie Cook's affidavit and did not rely on Jamie Cook's affidavit in seeking default judgment or summary judgment. [12]. For these reasons, Swarek's argument lacks merit.

Additionally, Swarek argues that First Service Bank failed to notify him of "viable cure and repayment pathways" and "proceeded with acceleration and enforcement while representing to the Court that Defendants had 'failed to cure." [79], p. 8. According to Swarek, "[t]his omission deprived the Court of material facts directly bearing on default, enforceability, and damages." *Id*. Apart from these conclusory allegations, however, Swarek provides no explanation or analysis in support of his argument. And, again, it is not this Court's duty to sift through the 195 pages of exhibits attached to Swarek's Motion in search of evidence to support his argument. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). This argument also lacks merit.

To the extent that Swarek seeks Rule 60(b)(3) relief because this "Court relied on a statement made during a hearing in which Defendant acknowledged being late on certain loan payments," such an argument is improper under Rule 60(b)(3). [79], p. 15.

Finally, Swarek asserts that First Service Bank "expressly represented that 'there is no genuine issue of material fact,' yet the record demonstrates multiple unresolved factual disputes." [79], p. 14. Again, however, Swarek does not provide any specifics or authority in support of his conclusory argument. Without more, Swarek cannot meet his burden under Rule 60(b)(3).

### ii.   Rule 60(b)(4)

Under Rule 60 (b)(4), a court may relieve a party from a final judgment if the judgment is void. FED. R. CIV. P. 60(b)(4). "A judgment is not void simply because it may have been erroneous; rather, Rule 60 (b)(4) applies only in the rare instance involving either 1) a violation of due process, or 2) a jurisdictional defect where the rendering court lacked even an "arguable basis" for jurisdiction." *Coa v. BSI Fin. Servs. Inc.*, No. Civ. A. No. H-17-321, 2022 WL 20804021, *1 (S.D. Tex. Oct. 25, 2025) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)). Here, Swarek seems to argue that the judgment is void because this Court lacked jurisdiction. *See* [79], p. 13. According to Swarek, "[t]he governing Term Notes contains a mandatory forum selection clause that explicitly limits where any litigations relating to the loan may be brought;" namely, in Arkansas or Texas. [79], pps. 11-12. "Because the forum selection clause restricts litigation to specific courts, the absence of this Court from that list implicates the validity of the judgment itself." [79], p. 13.

To begin, federal courts have limited jurisdiction. *Ashley v. Clay Cnty.*, 125 F.4th 654, 659 (5th Cir. 2025). "But federal jurisdiction was never in doubt here. The parties were diverse, and the amount in controversy exceeded $75,000." *Odom Indus., Inc. v. Sipcam Agro Solutions, L.L.C.*, 2025 WL 1576800, *2 (5th Cir. Jun. 4, 2025); [1], p. 2. And despite Swarek's argument, "a forum-selection clause does not deprive a district court of subject-matter jurisdiction." *Id.* (citing *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)).

Nor can the forum-selection clause render venue in this district improper. Indeed, the Supreme Court has held that "venue is proper so long as the requirements of § 1391(b) are met, irrespective of any forum-selection clause." *Atlantic Marine Const.. Co., Inc. v. U.S. Dist. Court for*

6

*the Western Dist. of Tex.*, 571 U.S. 49, 57, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) ("[i]f the federal venue statutes establish that suit may be brought in a particular district, a contractual bar cannot render venue in that district 'wrong.'"). Venue was "proper in this Court under 28 U.S.C. § 1391(b) as both Defendants reside in this judicial district" and because "a substantial part of the property that is the subject of the action is situated in this judicial district." [1], p. 2. Regardless, Swarek waived any objection to this forum by failing to raise it as an affirmative defense or by moving to transfer under 28 U.S.C. § 1404(a). *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982) (finding that Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move."); 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1391, at 853 (2026) ("The penalty for failing to raise any of these defenses at this point is waiver").

Since this Court had subject matter jurisdiction and because venue was proper, Swarek's argument fails.

## B. Rule 60(d)(3)

Although not discussed in any significant detail, Swarek does briefly argue that the judgment is void under Rule 60(d)(3) for fraud on the Court. *See* [79], pps. 2, 3, 6. Out of an abundance of caution, the Court will address his argument.

Relief under Rule 60(d)(3) of the Federal Rules of Civil Procedure allows the Court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). This narrow concept should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual

manner its impartial task of adjudging cases that are presented for adjudication." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Kerwit Med. Products, Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980) (quoting 7 Moore, Federal Practice ¶ 60.33 at 511 (1971 ed.)).

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Curtis v. Brunsting*, 860 Fed. App'x 332, 336 (5th Cir. 2021) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). "[I]t is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* Swarek offers no such evidence. Instead, he merely provides a conclusory allegation, with no facts offered in support, that "relief is also available under Rule 60(d)(3) for fraud on the court." [79], p. 3. To be sure, "[c]onclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Rodriguez v. Meta Platforms, Inc.*, No. 25-cv-197-JCZ, 2026 WL 925531, *1 (E.D. La. Apr. 6, 2026) (quoting *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987)). Without more, Swarek's argument lacks merit.

### III. CONCLUSION

IT IS ORDERED that Thomas Swarek's *pro se* Motion for Relief from Judgment [79] is DENIED; his request for limited targeted discovery is MOOT; and his request for a stay of

enforcement is DENIED.[2] The Court has considered all arguments and those not specifically addressed would not have changed the outcome.

IT IS FURTHER ORDERED that Thomas Swarek's Motion to Expedite Ruling [82] and Motion for Expedited Indicative Ruling [86] are MOOT.

This, the 8th day of June, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] To be sure, Swarek does not argue for a stay of enforcement anywhere in his Motion. The only mention of such relief is on the very last page under his "relief requested" section. Without more, the Court declines to address any attempt at Swarek's argument to stay the enforcement of the judgment against him.